# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHAZE LAMAR RICHARDSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00576 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LT. J. BOWELS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Chaze Lamar Richardson, Pro Se Plaintiff; Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for Defendants.*

The plaintiff, Chaze Richardson, a federal inmate proceeding pro se, brought this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Religious Freedom Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The Complaint as amended alleges that the defendant prison officials violated Richardson's rights under the First and Fourteenth Amendments, RFRA, and RLUIPA, by seizing his sacred beads, refusing to allow him to receive beads from home or a priest of his choice, threatening to restrain him in order to confiscate his beads, and changing dates on grievance forms to deny him due process. The defendants have filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and Richardson has responded. After review of

the record, I conclude that the defendants' motion must be granted. Richardson has also moved to further amend his complaint in response to the defendants' motion. I will deny the motion to amend because I find that amendment would be futile.

I.

Richardson alleges that on March 19, 2018, while he was incarcerated at United States Penitentiary, Lee County ("USP Lee"), Lieutenant James Bowles confiscated his elekes beads, stating that they posed a security risk. Richardson alleges that he is an adherent of the Santeria faith; that his beads were infused with ache, a spiritual force; and that he uses the beads for prayer and divination. When Richardson initially refused to turn over the beads, he alleges that Bowles threatened to place him in restraints until he surrendered them. He gave Bowles five of the six necklaces and was permitted to keep one. Chaplain Brandon Waters denied Richardson's request to order beads infused with ache from his desired priest and informed him that he could only purchase beads from prison-approved vendors. Richardson asserts that Waters' refusal violated his First Amendment rights. He further asserts that Bowles and Waters substantially burdened his exercise of religion in violation of RFRA and RLUIPA.

Richardson also alleges that when Bowles confiscated his beads, Bowles questioned the sincerity of his claimed adherence to Santeria, noting that he had

previously claimed to be Muslim. Without explanation, Richardson alleges that this violated his "Fourteenth Amendment as well as his eight Amendment due to deliberate indifference purposeful discrimination and cruel and unusual punishment." Am. Compl. 4, ECF No. 16.

Richardson submitted an Informal Resolution Form requesting that he be allowed to order religious beads from home that are infused with ache and that the confiscated beads be returned to him. Richardson alleges that he timely submitted this form, which he dated March 19, 2018, but the bottom of the form states that it was received from the inmate on April 16, 2018. In the date handwritten on the form, the number "4," representing the month April, appears to have been changed from a "3." Richardson asserts that Waters deliberately changed the date to prevent him from receiving due process, in violation of the Fourteenth Amendment. A date of March 16, 2018, however, would have predated the incident at issue in the informal complaint.

Waters responded to Richardson's Informal Resolution on April 16, 2018. In his response, Waters wrote, "No religious necklaces of any kind are allowed in the Special Housing Unit. Your beads are in your personal property. Upon your exiting SHU if it is at USP Lee or another place you will be given your religious necklaces back." Compl. Attach. at 5, ECF No. 1-1.

Richardson then submitted a Request for Administrative Remedy. He dated the request May 1, 2018, but a handwritten note indicates that it was received on May 14, 2018. He received a response from the Administrative Remedy Coordinator at USP Lee, dated May 14, 2018, stating that the request was rejected as untimely because it was not received within 20 days of the underlying event. He then submitted an appeal which he dated May 30, 2018. The appeal was stamped received by the Mid-Atlantic Regional Office on June 12, 2018. On June 18, 2018, the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office responded that the regional appeal was being rejected because Richardson did not first file a BP-9 request at the institution level for the Warden's review and response. Finally, Richardson submitted a Central Office Administrative Remedy Appeal dated July 2, 2018, which was stamped received by the Administrative Remedy Section of the Federal Bureau of Prisons on July 24, 2018. The Central Office's Administrative Remedy Coordinator rejected the appeal, concurred with the rationale of the earlier rejections, and instructed, "IF STAFF PROVIDE A MEMO STATING LATE FILING WAS NOT YOUR FAULT, THEN RESUBMIT TO THE LEVEL OF THE ORIGINAL REJECTION." *Id.* at 11.

Richardson asserts unspecified claims against Warden Michael Breckon because he was the "overseer" and ignored Richardson's plea for relief. Am. Compl. 4, ECF No. 16.

Richardson was transferred from USP Lee in December of 2018 and is now incarcerated at United States Penitentiary Florence - High in Florence, Colorado.

II.

The defendants urge me to find that I lack subject-matter jurisdiction over this case because the plaintiff failed to exhaust his administrative remedies. I conclude that the issue of exhaustion is better decided under Federal Rule of Civil Procedure 56 rather than Rule 12(b)(1).

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). I must "view the facts and draw reasonable inferences in a light most favorable" to Richardson, as the nonmoving party. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

The defendants have filed documentation in support of their motion. Accordingly, to avoid summary judgment, Richardson must present evidence sufficient to carry the burden of proof of his claims at trial. *See id.* He "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" on which the jury

could find in his favor. *Anderson*, 477 U.S. at 248 (internal quotation marks and citation omitted). A pro se litigant's verified complaint must be considered as an affidavit and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). "[U]nsupported speculation is not sufficient to defeat a summary judgment motion," however. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 875 (4th Cir. 1992) (citation omitted).

The Prison Litigation Reform Act provides that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement is "mandatory," *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To comply with § 1997e(a), an inmate must properly follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006). The defendants bear the burden of asserting and proving the affirmative defense that Richardson failed to properly exhaust available administrative remedies regarding his claims before filing suit. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). "Once a defendant proves that a plaintiff failed to exhaust, however, the

onus falls on the plaintiff to show that remedies were unavailable to him . . . ." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

A federal inmate's first step toward proper exhaustion is to file an informal resolution request. 28 C.F.R. § 542.13. "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). Richardson was thus required to file his Administrative Remedy Request no later than April 8, 2018. However, he did not receive a response to his informal resolution request until April 16, 2018. There is a dispute about whether this delay was due to Richardson's belated submission of the request or rather to a delay by Waters in issuing a response. It is undisputed that Richardson filed his Administrative Remedy Request no earlier than May 1, 2018, fifteen days after receiving the informal resolution response and 43 days after the underlying incident.

An inmate who demonstrates a valid reason for a late filing, such as "an unusually long period taken for informal resolution attempts," can be granted an extension of time. 28 C.F.R. § 542.14(b). The record contains no evidence that Richardson ever sought such an extension.

"An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director

within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).  The response to Richardson's administrative remedy request was dated May 14, 2018, and Richardson dated his appeal to the Regional Director May 30, 2018, which would be within the 20-day window.  However, Richardson does not allege when he sent it, and it apparently was not received by the regional office until June 12, 2018.  His appeal was rejected on June 18, 2018, because "YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL AT THIS LEVEL."  Compl. Attach. at 9, ECF No. 1-1.

"An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).  Again, the time limit can be extended when the inmate shows a valid reason for delay.  "Appeal to the General Counsel is the final administrative appeal."  *Id.*  "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 U.S.C. § 542.15(b)(2).

Richardson dated his appeal to the Central Office July 2, 2018, and it was received on July 24, 2018.  That appeal was also rejected, with the note "FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION NOTICES" and instructing him to resubmit his complaint at the institutional level with a memo from staff

stating that the late filing of his BP-9 administrative remedy request was not his fault. Compl. Attach. at 11, ECF No. 1-1. Richardson alleges in his Complaint that "Unit team manager refuse[d] to give me a memo to support the facts." Compl. 2, ECF No. 1.

Richardson does not assert that he has personal knowledge that Waters or anyone else changed the receipt date on his informal resolution request form. His speculation is not sufficient to create a dispute of fact regarding when the request was received. In any event, he offers no explanation for why he waited fifteen days after receiving the informal resolution response to file his administrative remedy request, nor does he assert that he sought an extension of the 20-day deadline in light of a delayed response to the informal resolution request. And while § 542.14 seems to contemplate that an inmate will not file an administrative remedy request until after the completion of informal resolution, it does not state that an inmate is required to wait for a response to his informal resolution request before filing an administrative remedy request. The 20-day deadline is tied to the underlying incident, not to the completion of informal resolution. If Richardson did indeed timely submit his informal resolution request and did not receive a response within 20 days of March 19, 2018, he could have proceeded to file an administrative remedy request simply to preserve his right to do so.

Richardson first contended that staff had changed the date on his informal resolution request form in his appeal to the Regional Office, meaning that the issue was never adjudicated at the institutional level. After receiving the Regional Office's rejection of his appeal, he could have resubmitted his Administrative Remedy Request at the institutional level with additional details, which would have allowed the warden to consider whether his initial BP-9 form had been timely submitted or whether its submission had been delayed through no fault of his own. Richardson never took this step. He thus did not exhaust all available administrative remedies. *See* 42 U.S.C. § 1997(e)(a); *Ross*, 136 S. Ct. at 1858-59.

I conclude that based on the undisputed facts, the defendants have met their burden of showing that Richardson failed to exhaust his administrative remedies, and Richardson has failed to establish that administrative remedies were unavailable to him. I will therefore grant summary judgment in favor of the defendants.

### III.

After responding to the defendants' motion, Richardson filed a Motion to Amend Complaint, ECF No. 50.[1] The defendants oppose the plaintiff's motion. The proposed amendment is verified, but it contains no new allegations bearing

---

[1] He had previously filed another Motion to Amend, which the magistrate judge construed as a further response to the defendants' pending dispositive motion. ECF Nos. 47, 49.

upon the issue of whether Richardson exhausted his administrative remedies. I will therefore deny the Motion to Amend because I conclude that amendment would be futile.

IV.

For the reasons stated, it is hereby **ORDERED** that:

1. The Defendants' Motion to Dismiss, or In the Alternative, Motion for Summary Judgment, ECF No. 40, is GRANTED, and

2. The plaintiff's Motion to Amend Complaint in Response to Defendants['] Motion for Summary Judgment, ECF No. 50, is DENIED.

A separate Final Judgment will enter herewith.

ENTER: March 20, 2020

/s/ JAMES P. JONES
United States District Judge